**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CR 007-02 |
| | ) | |
| vs. | ) | Honorable Samuel Der-Yeghiayan |
| | ) | Judge Presiding |
| Michael Krol, | ) | |
| | ) | |
| Defendant. | ) | |

## MICHAEL KROL'S SENTENCING MEMORANDUM

NOW COMES the defendant, MICHAEL KROL, by and through his attorneys, Richard C. Leng and Carponelli & Krug, and files this Sentencing Memorandum regarding sentencing issues.

## Background

Michael Krol has pled guilty to accepting cash payments from an attorney, Dean Roupas, in connection with his role as an auditor for the Illinois Department of Revenue. Mr. Krol utilized his position as a revenue agent to identify certain business entities and companies being audited by the Illinois Department of Revenue and, in turn, refer those audited companies to attorney Roupas. Mr. Krol received cash payments for the referral of these audited clients from attorney Roupas.

Mr. Krol entered a voluntary plea of guilt to Count III of the indictment, which charges Mr. Krol with having corruptly accepted and agreed to accept cash from an individual intending to be influenced and rewarded in connection with duties as an auditor for the Department of Revenue. See Plea Agreement, page 3.

The defendant has no additions or corrections to the thorough Presentence Report, except

1

to note that the conclusion that the Sentencing Guidelines preclude a sentence of probation has been rejected by the Supreme Court in *Gall v. U.S.,* ___ U.S. ___, 128 S.Ct. 586 (2007).

### Application of Section 3553(a) Factors

In the wake of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the Guidelines were rendered merely advisory and are but one factor to be considered. Pursuant to 18 U.S.C. § 3553(a), the court is required to impose a sentence sufficient, *but not greater than necessary,* to satisfy the purposes of sentencing. (Emphasis added.) Section 3553(a) requires district courts to consider, among other factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to the victims of the offense.

In *United States v. Dean*, 414 F.3d 725, 727 (7th Cir. 2005), the Seventh Circuit held that a district court must first compute the guidelines sentences and then decide whether the advisory guidelines sentence is the correct sentence to give the particular defendant. The *Dean* panel also noted that "Section 3553(a), unlike the guidelines themselves after *Booker*, is mandatory." *Dean*, 414 F.3d at 729. With this in mind our Appellate Court held:

> But the defendant must be given an opportunity to draw the judge's attention to any factor listed in section 3553(a) that might warrant a sentence different from the guidelines sentence, for it is possible for such a variant sentence to be reasonable and thus within the sentencing judge's discretion under the new regime in which **the guidelines, being advisory, can be trumped by section 3553(a), which we have stressed is mandatory**.
> *Dean*, 414 F.3d at 730-31. (Emphasis added.)

Moreover, in *Rita v. United States*, ___ U.S. ___, 127 S.Ct. 2456 (2007), the United States Supreme Court held that sentencing courts *are not* permitted to presume that a sentence

within the advisory guideline range is correct.  In so doing, the Supreme Court wrote:

> The sentencing judge, as a matter of process, will normally begin by considering the presentence report and its interpretation of the Guidelines. 18 U.S.C. § 3552(a); Fed. Rule Crim. Pro. 32.  He may hear arguments by prosecution or defense that the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, USSG § 5K2.0, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. See Rule 32(f).  Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure. See Rule 32(f), (h), (i)(c) and (i)(D); see also *Burns v. United States*, 501 U.S. 129, 136, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991)(recognizing importance of notice and meaningful opportunity to be heard at sentencing).  In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply. *Booker*, 543 U.S. at 259-260, 125 S.Ct. 738.
> *Rita*, 127 S.Ct. at 2465.

The PSR calculates Mr. Krol Total Offense Level is 17, with zero criminal history points, placing Mr. Krol in Category I.  Based upon the defendant's cooperation, the government will recommend a sentence of 12 months imprisonment be imposed.  It is the defendant's position that a sentence of incarceration is greater than necessary to achieve sentencing goals.

**U.S. v. McIlrath**, 512 F.3d 421, 423 (7th Cir. 2008) holds that the most important sentencing factors set forth in 18 U.S.C. § 3553(a) are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  Considering each of these factors, it is submitted that a sentence of one year

3

incarceration is greater than needed to satisfy the objectives of Section 3553.

A. **Nature and Circumstances of the Offense**

It is essential to understand the circumstances and pressures placed upon Mr. Krol during the relevant time period. Mr. Krol worked as an auditor at the Illinois Department of Revenue when he committed the offense for which he now stands convicted. The former Deputy and Assistant Director overseeing audits conducted by the Department of Revenue at the time Mr. Krol was employed was John Roupas, the father of the attorney and codefendant Dean Roupas who initiated the illegal referral arrangement.

There is no question that John Roupas, as the head of the audit department, placed extreme pressure on all of the codefendant auditors to participate in the referring of audited clients to his son, attorney Dean Roupas. The pressures consisted of intense monitoring of the auditors' case load and even referrals to outside attorneys in an effort to encourage the illegal referral practice. In fact, on more than one occasion, John Roupas informed his son when one of Mr. Krol's audit clients ended up being represented by an attorney other than Dean Roupas. Mr. Krol would then be confronted by both of the Roupas' demanding to know why he had not referred the case to codefendant Dean Roupas. The environment and pressures at work certainly do not justify Mr. Krol's criminal conduct, but they do give insight into why a man with no criminal history and a stellar record as an auditor became swept up in this illegal activity.

The unique circumstances in which a former supervisor pressured auditors to participate in the illegal referral activity to his son also indicates that the criminal activity is unlikely to reoccur as both of the Roupases have been removed from the audit process as a result of this prosecution.

B. <u>Mr. Krol's History and Characteristics</u>

As the PSR reflects, Mr. Krol has never been convicted of a crime. Thus, the likelihood of Mr. Krol committing further crimes seems virtually nil. By the same token, the need to impose a sentence of imprisonment to protect the public from further crimes by Mr. Krol is negligible. Should this Court have any reservations about this possibility, the Sentencing Commission has conducted studies that demonstrate that a person with Mr. Krol's background poses a low risk of recidivism. The fact that the 46-year-old defendant has no prior convictions places him in the category of those least likely to commit further crimes. *See Comparison of the Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factors Score*, pages 14-15 (January 4, 2005)(suggesting that Criminal History Category I does not adequately take into account the lack of recidivism for first time offenders). Likewise, a defendant, such as Mr. Krol, who has never before been incarcerated, generally requires a shorter term of imprisonment to achieve the same goal of protecting the public. *See United States v. Baker*, 445 F.3d 987, 992 (7th Cir. 2006)(upholding District Court's downward departure due to defendant's lack of a criminal history and other considerations, and finding that a prison term would mean more to a defendant who has not previously been imprisoned); and *United States v. Qualls*, 373 F.Supp.2d 873, 877 (E.D. Wisc. 2005).

Additionally, there are compelling family circumstances in which Mr. Krol"s family and others in the community who rely on Mr. Krol would be badly hurt if Mr. Krol was unable to assist them. As reflected in the PSR, Mr. Krol functions as a primary care taker for his two sons, aged 13 and 9. His son, Michael, is a special needs child who is unusually dependant upon Mr. Krol. Michael is afflicted with dyslexia, attention deficit disorder, an opticomotor variance and increased anxiety. (See the letter written by Gerorge F. Harris, M.D.). Mr. Krol is responsible

5

for Michel's daily medication regime as well as ensuring that Michael receives specialized tutoring. Mr. Krol performs the special instruction techniques required for Michael on a daily basis. Additionally, Mr. Krol serves as a caretaker to his 87 year old father who is dependant upon Mr. Krol's assistance.

Mr. Krol is beset by numerous serious medical conditions that are best treated in the existing environment, rather than at public expense in an institutional setting. These conditions are detailed in the Presentence Report and documented by his treating physician.

In addition to the compelling family circumstances, the community as a whole would be hurt by Mr. Krol's unavailability. Many letters have been written vouching for Mr. Krol's exemplary commitment to community services. Perhaps the best example of Mr. Krol's community service is the free tax preparation service he provides to Illinois servicemen. Mr. Krol has prepared tax returns for National Guardsman, reservists, active duty soldiers and disabled veterans for no charge and has absorbed all electronic filing fees and expenses.

Mr. Krol has been active at his local parish and school, St. John of the Cross. Mr. Krol assists in the annual parish's garage sale which generates proceeds to help with tuition for those less fortunate and other community needs of the poor. Also, during the Christmas season at the church, Mr. Krol has volunteered as a "Share Christmas" volunteer whereby he sorts and delivers new toys and clothing to needy children. Mr. Krol is also active in the Boy's Scouts and Cub's Scouts of America. He has lead various field trips which have included local and overnight camping trips, and has been active in volunteering for various fundraising activities for the organization including the annual Christmas wreath sale. In short, the community would benefit from having Mr. Krol available to continue to perform the myriad services he provides without compensation.

**C. Other Section 3553(a) Factors**

Adequate deterrence to either Mr. Krol, or another auditor in a similar situation is provided by the mere fact of conviction, which carries with it the loss of a career, loss of pension, public humiliation, and in Mr. Krol's case, loss of his CPA license. The Court may also consider that the 18 U.S.C. § 3553 (1)(2)(A) and (B) factors which emphasis deterrence value and respect for the law are enhanced in this case by the additional non-judicial punishment that Mr. Krol has already received as a result of his misconduct. Mr. Krol resigned his 22 year employment as a result of this offense. He stands to lose his pension and his CPA license. Furthermore, Mr. Krol complied with the Government's request to not file for unemployment and agreed to stop receiving income until the time of the indictment. This amounted to approximately $200,000.00 in wages not received.

The need to avoid unwarranted sentencing disparities does not preclude a sentence of probation in this case. The sentence of one year recommended by the government is not significantly above or below the sentences imposed for similar cases. The offense is probational under 18 U.S.C. 3561 and Section 5.B1.1 of the Sentencing guidelines. Further, as detailed below, the Supreme Court has recognized that a sentence of probation is warranted if the Court determines that probation is the appropriate sentence considering all the circumstances. *Gall v. U.S.,* ___ U.S. ___, 128 S.Ct. 586 (2007)

In sum it is not necessary to incarcerate Mr. Krol to achieve the factors of deterrence and protection of the public.

**D. Available Sentencing Alternatives**

A sentence of probation, or of alternative confinement (such as home confinement), does not violate 18 U.S.C. 3553 or the Guidelines. The recommendation of Government is a period of

7

12 months incarceration. Under the Sentencing Guidelines, a sentence of 12 months falls within the range of Zone B (6-12 months). Under section 5B1.1 a Zone B sentence may be probation if the conditions of probation include a period of home detention, community serve or similar alternatives.

However, the Sentencing Guidelines do not restrict the Court's ability to impose a sentence of probation if the Court determines that probation is the appropriate sentence under 18 U.S.C. 3353(a). In *Gall v. U.S*., ___ U.S. ___, 128 S.Ct. 586, 601 -602 (2007) the Court held that a sentence of probation was appropriate even if the Guidelines range was above the level for which probation was an option under the Guidelines. The Court observed that "§ 3553(a)(3) directs the judge to consider sentences other than imprisonment." The Court concluded that probation was appropriate if imprisonment was not necessary to deter the defendant from committing future crimes, or to protect the public, and there were compelling family circumstances militating for probation.

**E.  Conclusion**

Mr. Krol is a man with no criminal history who is in the category of those least likely to re-offend. Mr. Krol has cooperated with the Government and has lived with the knowledge of this investigation for several years. A sentence of imprisonment is greater than necessary to achieve the goals under 18 U.S.C. § 3553(a). A sentence of probation that imposes home confinement would protect the public, provide general deterrence, promote respect for the law and would not deprecate the seriousness of the offense represent.

                Respectfully submitted,


                /s/ Richard C. Leng
                Richard C. Leng
                One of the Attorneys for Michael Krol


Law Offices of Richard C. Leng
330 W. Main St
Barrington, IL 60010
(847) 381-6041

Carponelli & Krug
Stephen P. Carponelli
Ross Carponelli
Carponelli & Krug
230 West Monroe, Suite 250
Chicago, Illinois 60606
(312) 372-2707